494 P.2d 288

Sherman J. PREECE, As State Auditor, Plaintiff and Respondent,

v.

Calvin L. RAMPTON, as Governor of the State of Utah, et al., Defendants and Appellants.

No. 12439.

Supreme Court of Utah.

March 1, 1972.

---

1. Alldredge v. Alldredge, 119 Utah 504, 229 P.2d 681, 34 A.L.R.2d 305; Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606.

Harley W. Gustin, of Gustin & Gustin, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

By our decision as originally given[1] we held that it was the constitutional duty of the state auditor to present all bills to the state treasurer for payment. The defendant has asked us for a hearing in order to enable the parties to allocate the duties of the state auditor and of the department of finance. In view of the Appropriations Act of the recent Budget Session, we think it appropriate to give some guidelines to the parties in regard to Items 32 and 33 of the Appropriations Act. These items in the sum of $882,000 were appropriated to the Department of Finance—General Administration, and each as a part thereof contained the following direction:

> This appropriation, or so much of this appropriation as may be required is to be transferred to the Utah State Auditor in order that he might perform all those activities ultimately determined by the Utah Supreme Court to be his constitutional duties.

In our decision we specifically held that the preparation of vouchers was a ministerial act. Consequently, it could be performed by whatever organization the legislature might designate. The department of finance has been so designated to audit and

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy, Chief Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

1. Preece v. Rampton, 27 Utah 2d 56, 492 P.2d 1355 (filed January 17, 1972).

prepare all claims, and our decision does not affect that work. In our decision we said:

> The issue before us is very narrow and does not require us to hold unconstitutional the law which created the department of finance. What we do hold is that before the state treasurer can constitutionally pay a warrant, he must have the approval of the state auditor.

We also said that it was the duty of the auditor to verify the correctness of accounts before they are paid. However, the legislature has seen fit to create the department of finance[2] and has specifically provided:[3]

> The director of finance shall maintain a budget control system, recording the constituent elements of the general fund and of each special fund in their proper relationship to each other and shall keep all accounts in balance; shall furnish to the governor and to the legislature when requested reports prepared by the department of finance showing the condition of the general fund and each special fund of the state; the available cash resources of the general fund and each special fund of the state and as to each such fund the estimated revenue and anticipated time of collection, the current

encumbrances, future obligations and estimated date they accrue, appropriation, obligations, quarterly allotments, unencumbered allotments, reserves and surplus; as well as the capital assets and liability accounts of the state, and the valuation account of all other state property, and shall require the head of each department to submit to him statements containing such information and data as will enable him to furnish to the governor the reports above prescribed.

We, therefore, hold that those duties imposed upon the director of finance are not in conflict with the constitutional duties of the state auditor, and until changed by the legislature they properly belong to the department of finance.

The keeping of books in balance by the department of finance does not impinge upon the constitutional duties of the state auditor any more than the duties of a bookkeeper impinge upon those of an auditor in any commercial venture. The auditor assumes the bookkeeping records to be correct when they are in balance unless he has occasion to investigate them and finds otherwise.

The statute[4] further provides for a pre-audit by the director of finance. We see no conflict with the duties of the state auditor here. When the claims have been

2. Chapter 2, Title 63, U.C.A. 1953.

3. Sec. 63-2-19, U.C.A. 1953.

4. Sec. 63-2-21, U.C.A. 1953.

pre-audited and the necessary papers prepared, they should be given to the state auditor for presentation to the state treasurer for payment.

■■ The functions of the department of finance insofar as they relate to claims against the state are that of a bookkeeper. The duties of an auditor are of a higher order than are those of a bookkeeper; however, he should rely upon the accuracy of the bookkeeper's records unless there is something to alert him to the contrary.

■ The amount of detailed work involved in checking the accuracy of the bookkeeper's records is within the sound discretion of an auditor. We cannot conceive of an auditor who would ignore the calculations of his bookkeeper and undertake to duplicate all work theretofore done for his benefit. It was and is our intention to allow the state auditor to perform his duties as he sees fit.

■ By our decision we did not intend to affect the work of the department of finance in any manner other than to require it to present the approved claims and vouchers to the state auditor for his approval and presentment to the state treasurer. The final auditing function as to whether a claim is to be paid by the state treasurer thus will lie with the state auditor.

Since the state auditor has on his payroll auditors who have made post-audits in the past, we see no reason why he should take any of the funds allocated by Items 32 and 33 of the Appropriations Act. If he should need additional funds to carry out his constitutional duties, he undoubtedly could apply to the Board of Examiners for relief.

The rehearing is therefore denied.

TUCKETT, J., concurs.

CROCKETT, Justice: (concurring in comments on denial of petition for rehearing).

In view of the comments of Justice Ellett in denying the petition for rehearing, I desire to make the following observations:

I reaffirm the position taken in my dissent to the main opinion and my belief that that decision is in error. Nevertheless, I am obliged to acknowledge that it is now the law of this state. That being so, I think the explanation by Justice Ellett in the supplemental opinion may be helpful in minimizing the difficulties brought about by the decision. I therefore concur with his explanatory comments with the thought in mind that they may prove useful in the practical operation of state government.

HENRIOD, J., concurs in the order denying the Petition for Rehearing.

CALLISTER, C. J., votes to deny the rehearing.